IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADAM FRENCH,<br><br>      **Plaintiff,**<br><br>vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security;<br><br>      **Defendant.** | **8:24CV77**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court[1] on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), ("EAJA") (Filing No. 30) and the parties' Joint Stipulation for EAJA Fees (Filing No. 31).

  Plaintiff filed suit in this Court on February 28, 2024, challenging the denial of his request for disability benefits. (Filing No. 1). On September 30, 2025, the Court entered an order and judgment reversing the final decision denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 et seq., and remanding this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Filing No. 28). Plaintiff now requests this Court award attorney's fees pursuant to the EAJA. (Filing No. 30). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1).

In light of the Court's Order reversing and remanding this case, Plaintiff asks the Court to award him $9,500 in attorney fees under the EAJA. In support of this motion, Plaintiff's counsel

---

[1] The parties consented to the final disposition of this case by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c)(1). (Filing No. 7).

submitted an itemization of counsel and counsel's paralegals' time, as well as Consumer Price Index data for her geographic area of practice. See 28 U.S.C. § 2412(d)(2)(A) (stating the Court may award fees in excess of $125 per hour if warranted by an increase in the cost of living); see also *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) ("[T]he Consumer Price Index constitutes 'proper proof' of increased cost of living" and can justify an increased EAJA attorney fee award). Plaintiff's total requested fee was $12,500, but by agreement of the parties, has reduced the total fee requested to $9,500. (Filing No. 30 at p. 4; Filing No. 31).

After review, the Court finds Plaintiff is entitled to an EAJA attorney fee award of $9,500.00 to be paid by the Social Security Administration. Plaintiff is a prevailing party in this matter and otherwise meets the EAJA's statutory requirements. See 28 U.S.C. § 2412(d)(1)(a). His request is also timely and reasonable. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (stating an "EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—i.e., 30 days after the time for appeal has ended"). Plaintiff requests that payment of the EAJA award be made directly to Plaintiff's counsel based on a Declaration and Waiver of Direct Payment of EAJA fees signed by Plaintiff. (Filing No. 30 at p. 17). Under *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010), "the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States." The plaintiff himself and his attorney, is the "prevailing party" contemplated by the EAJA. See *Astrue*, 560 U.S. at 594. Lower courts, including those in this district, have continued to order payment of awards directly to a plaintiff's attorney, subject to offset for pre-existing debt to the Federal Government, where a valid assignment of the award of attorney's fees from the plaintiff to plaintiff's counsel is in effect. See, e.g., *Shenk v. Berryhill*, No. 8:17CV279, 2-19 WL 2191792, at *3 (D. Neb. May 21, 2019). Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Filing No. 30) is granted.
2. The parties' Joint Stipulation for EAJA Fees (Filing No. 31) is granted.
3. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $9,500 are to be paid to Plaintiff and delivered to KONOSKI & PARTNERS, P.C., less

any offset to satisfy a pre-existing debt to the United States. Counsel shall be responsible for remitting to Plaintiff his portion of the award.

4. A separate judgment will issue.

Dated this 16th day of December, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge